UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES MCEWEN,<br><br>   Plaintiff,<br><br>   v.<br><br>GRANITE ROCK COMPANY,<br><br>   Defendant. | Case No. 21-cv-04982-EJD (VKD)<br><br>**ORDER GRANTING MOTION TO WITHDRAW OR AMEND ADMISSIONS**<br><br>Re: Dkt. No. 41 |

Defendant Granite Rock Company ("GRC") moves for permission to withdraw its admissions to plaintiff Charles McEwen's first set of requests for admissions ("RFAs"). Dkt. No. 41. Mr. McEwen opposes the motion. Dkt. No. 43. The Court held a hearing on the motion on October 18, 2022. Dkt. No. 47.

For the reasons explained below, the Court grants GRC's request to withdraw its admissions and orders the parties to confer further regarding any disputes that remain with respect to the RFAs.

**I.  BACKGROUND**

On April 8, 2022, Mr. McEwen served his first set of 46 RFAs on GRC. Dkt. No. 41 at 3. The parties agreed to three extensions of GRC's deadline to respond, the latest of which required GRC to serve its responses by June 28, 2022. *Id.* GRC says its counsel mistakenly believed another extension beyond June 28, 2022 had been agreed by the parties, but concedes that there was in fact no such agreement. *See id.*; Dkt. No. 41-1 ¶ 4.

In any event, sometime after July 5, 2022, GRC advised Mr. McEwen that it would respond to his RFAs on July 25, 2022. Dkt. No. 41 at 3. Mr. McEwen did not agree and

1   demanded responses by July 22, 2022. Dkt. No. 43 at 2. In addition, Mr. McEwen took the

2   position that GRC had waived its right to object to the RFAs because no objections had been

3   timely served. *Id.*

4   GRC served responses to Mr. McEwen's RFAs on July 27, 2022. Dkt. No. 41 at 3. It

5   objected to every request, but for each it also provided an answer "subject to and without waiving

6   [its] objections." *See* Dkt. No. 43-1, Ex. B.

7   GRC concedes that the RFAs are deemed admitted by operation of Rule 36(a) but asks that

8   the Court permit it to withdraw these admissions. Mr. McEwen argues that GRC should not be

9   permitted to withdraw the admissions. In the alternative, he argues that if GRC is permitted

10  withdraw its admissions, it should be ordered to respond to the RFAs without objection or other

11  qualification. Dkt. No. 43 at 3.

12  **II.  LEGAL STANDARD**

13  Rule 36 of the Federal Rules of Civil Procedure serves two important goals: "truth-seeking

14  in litigation and efficiency in dispensing justice. *Conlon v. U.S.*, 474 F.3d 616, 622 (9th Cir.

15  2007). "The rule is not to be used in an effort to 'harass the other side' or in the hope that a

16  party's adversary will simply concede essential elements." *Id.* (quoting *Perez v. Miami-Dade

17  County*, 297 F.3d 1255, 1268 (11th Cir. 2002)).

18  Rule 36(a) provides that a request for admission is deemed admitted unless the responding

19  party timely serves a written answer or objection. Fed. R. Civ. P. 36(a)(3). A matter admitted

20  pursuant to Rule 36(a) is "conclusively established" unless a court, "on motion," permits a party to

21  withdraw or amend its admission. Fed. R. Civ. P. 36(b).

22  Under Rule 36(b), a court "may permit withdrawal or amendment if it would promote the

23  presentation of the merits of the action and if the court is not persuaded that it would prejudice the

24  requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The

25  first requirement of Rule 36(b) is satisfied when upholding an admission would effectively

26  eliminate any presentation on the merits. *Conlon*, 474 F.3d at 622. The second requirement of

27  Rule 36(b) is satisfied when permitting withdrawal and amendment would not prejudice the

28  requesting party's ability to prove its case at trial. *Id.* at 622-24. Because Rule 36(b) is

1 permissive, not mandatory, even if these requirements are met, a court may consider other factors
2 in deciding whether to exercise its discretion to grant relief. *Id.* at 621-22, 624-25.

## III. DISCUSSION

### A. Withdrawal of Admissions

The Court first considers whether the requirements of Rule 36(b) are met, and then considers whether any other factors bear on GRC's request with its admissions.

#### 1. Rule 36(b)

The first requirement of Rule 36(b) requires the Court to consider whether permitting GRC to withdraw its admissions will promote the presentation of the merits in this case. GRC argues that the RFAs "are directly related to the ultimate merits" of Mr. McEwen's claims and that if they are deemed admitted, GRC would be precluded from defending itself because the admissions would conclusively establish liability. Dkt. No. 41 at 4, 5. Mr. McEwen does not disagree. *See generally* Dkt. No. 43. Accordingly, the Court concludes that permitting the parties to present evidence in support of their respective positions would promote presentation of the merits.

The second requirement of Rule 36(b) requires the Court to consider whether permitting GRC to withdraw its admissions will prejudice Mr. McEwen's ability to prove his claims at trial. As the partying seeking to rely on the deemed admissions, Mr. McEwen has the burden of proving prejudice. *Conlon*, 474 F.3d at 622. Mr. McEwen's opposition contains no discussion of any prejudice he might suffer if GRC is permitted to withdraw its admissions. *See generally* Dkt. No. 43. During the hearing on this matter, Mr. McEwen conceded that his ability to develop evidence necessary to prove his claims at trial has not been prejudiced. Dkt. No. 47. Accordingly, the Court concludes that permitting GRC to withdraw its admissions will not prejudice Mr. McEwen's ability to prove his claims at trial.

#### 2. Other factors

Having concluded that both requirements of Rule 36(b) are met, the Court may also consider other factors. Here, Mr. McEwen's principal argument is that GRC has acted in bad faith in seeking repeated and unwarranted extensions of its response deadline, and then serving RFA responses that recite numerous objections and are "intentionally evasive." Dkt. No. 43 at 3. GRC

3

1  responds that it has demonstrated good cause for its delay, and that the Court should not consider
2  the merits of the parties' dispute about GRC's July 27, 2022 responses because that dispute is not
3  ready for decision. Dkt. No. 44 at 4.
4      While GRC may have asked for several extensions of its deadline to respond to Mr.
5  McEwen's RFAs without sufficient justification prior to June 28, 2022, Mr. McEwen agreed to
6  those extensions. And while GRC provides no explanation for why its eventual responses to the
7  RFAs were served 30 days after the agreed deadline, the record does not support a finding of bad
8  faith.
9      With respect to whether GRC should be able to assert objections to any of the RFAs, the
10 matter is more complicated, as discussed below. However, the mere assertion of objections in the
11 answers GRC proposes to rely on if it is permitted to withdraw the deemed admissions is not the
12 kind of conduct that would justify an order refusing to permit the withdrawal.
13     Accordingly, the Court concludes that no other factors suggest that GRC should not be
14 permitted to withdraw its deemed admissions to Mr. McEwen's RFAs.

### B. Waiver of Objections

16 Mr. McEwen is correct that, as a general matter, a failure to timely object to discovery
17 requests constitutes a waiver of any objection. *Richmark Corp. v. Timber Falling Consultants*,
18 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th
19 Cir.1981)), *cert. denied*, 506 U.S. 948 (1992). However, it is not clear whether or to what extent
20 any of GRC's objections served on July 27, 2022 have influenced its substantive responses to the
21 RFAs. Some of GRC's responses do not appear to be fully responsive to the RFA, while others
22 are a clear and unqualified denial. *Compare* Dkt. No. 43-1, Ex. B at 6 (RFA No. 6) *with id.* at 4
23 (RFA No. 3). On the other hand, some of Mr. McEwen's RFAs are perhaps subject to multiple
24 interpretations and/or contain typographical errors, *see, e.g., id.* at 6 (RFA No. 7, referring to
25 "daily business" instead of "daily basis"), diminishing the utility of any answers Mr. McEwen
26 might obtain.
27     As the Court explained at the hearing, the parties' dispute concerning GRC's objections
28 and responses to the RFAs could benefit from further discussion.

## IV. CONCLUSION

For the reasons explained above, the Court permits GRC to withdraw its deemed admissions to Mr. McEwen's first set of RFAs.

The parties shall promptly confer further regarding GRC's July 27, 2022 objections and answers to the RFAs. Any disputes that remain may be brought to the Court's attention for resolution in compliance with the Court's discovery dispute resolution procedures. *See* https://cand.uscourts.gov/vkd-standing-order-for-civil-cases-april-2022/.

**IT IS SO ORDERED.**

Dated: October 18, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge